**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

WAYNE CHARLES HOGG                                                        PLAINTIFF

VS.                                            CIVIL ACTION NO. 2:10cv248-KS-MTP

DR. RON WOODALL, ET AL.                                                 DEFENDANTS

<u>SCHEDULING AND CASE MANAGEMENT ORDER</u>

The parties appeared and participated in an omnibus hearing before the undersigned

United States Magistrate Judge on October 4, 2011.  Plaintiff appeared *pro se*, Vic Smith

appeared on behalf of Defendants Dr. Ron Woodall and April Meggs, and Tommy Goodwin

appeared on behalf of Defendants Ronald King, Christopher Epps, Johnnie Denmark, Joy Ross,

and Regina Reed.  The court scheduled this hearing for the combined purposes of conducting a

*Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference.  The

court's purpose in conducting the hearing is to ensure the just, speedy and inexpensive

determination of this *pro se* prisoner litigation.  After due consideration of the issues involved in

this case and the requests for discovery,

**THE COURT DOES HEREBY FIND AND ORDER AS FOLLOWS**:

<u>JURISDICTION AND SUMMARY OF CLAIMS</u>

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff's claims occurred

while he was a post-conviction inmate at the South Mississippi Correctional Institution

("SMCI").  Plaintiff is currently incarcerated at the Mississippi State Penitentiary in Parchman,

Mississippi.  Plaintiff's claims were clarified and amended by his sworn testimony during the

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

*Spears* hearing;[2] accordingly, only the following claims remain pending before the court and no further amendments will be allowed absent a showing of good cause so that this case may proceed to disposition:[3]

Plaintiff alleges that Defendant Ron Woodall was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  Specifically, Plaintiff claims he first requested medical treatment at SMCI during the first week of January 2010, due to pain in his shoulder.   He was screened by a nurse and saw Dr. Woodall a few days later.  Plaintiff told Dr. Woodall he was out of pain medication and needed surgery on his shoulder.  Dr. Woodall gave him pain medication for arthritis but would not refer him for surgery, claiming he did not need it.  Plaintiff saw Dr. Woodall on a few other occasions regarding his shoulder and was told the same thing.  Plaintiff testified that he was subsequently transferred to Parchman and finally received shoulder reconstruction surgery three weeks ago.  He claims Dr. Woodall should have referred him for surgery when he first saw him in January 2010.

Plaintiff testified that he sued April Meggs because she was the medical coordinator for Dr. Woodall, and because she denied him relief when he filed a grievance through the Administrative Remedy Program ("ARP").

Plaintiff alleges that Johnnie Denmark,[4] the assistant warden at SMCI, was deliberately

---

[2]*See Hurns v. Parker*, 165 F.3d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[3]The court makes no finding as to whether such claims are meritorious at this time. Moreover, this summary of claims is not meant to be an exhaustive recitation of the facts alleged at the hearing in support of the claims.

[4]Plaintiff testified that he mistakenly named Mark Denmart as a defendant in this matter. Plaintiff moved to substitute Johnnie Denmark for Mark Denmart, with no objection by

indifferent to his serious medical needs in violation of the Eighth Amendment.  Plaintiff claims

that he showed him his shoulder and asked him to help him get medical treatment; Denmark told

him it was not his decision and that it was up to the medical department.  Plaintiff also alleges a

claim for failure to train and supervise against Denmark, claiming that as assistant warden, he

should have trained his officers, including Officers Montel and Brewer, to be more competent

and less aggressive towards inmates and should have properly supervised the officers.

Plaintiff alleges a claim against Franklin Brewer[5] for cruel and unusual punishment.

Specifically, he claims Brewer provided false information to a nurse that he took an overdose of

his pain medication and was trying to cut himself with razors.  He claims that Brewer failed to

take the appropriate steps to issue Plaintiff a rule violation report for self-mutilation and instead

threw him in a cell for three days on suicide watch with no pain medication.

Plaintiff alleges a claim against Officer Mould[6] for excessive force.  Specifically, he

claims that Officer Mould choked him and caused injuries to this throat.

Plaintiff claims that Christopher Epps failed to investigate his medical condition and

ensure that he received adequate treatment.  Plaintiff claims he sent him grievances through the

ARP and he never responded or took any action.

Plaintiff seeks compensatory and punitive damages for pain and suffering and mental

Defendants.

[5]Defendant Franklin Brewer is not yet before the court.  The summons for Franklin
Brewer was returned unexecuted, indicating that there were several employees at SMCI with the
last name Brewer, both male and female, and that none of their first names were Franklin.
Without more information on this individual, process could not be accepted.  *See* Return [18].
The parties will be directed to provide more information on this Defendant.

[6]Defendant Officer Hamed Mould is not yet before the court.  The summons for Hamed
Mould was returned unexecuted, indicating that there was no MDOC employee with this name.
*See* Return [18].  The parties will be directed to provide more information on this Defendant.

anguish.

## DISCOVERY AND OTHER ISSUES

1.      Plaintiff's Motions to Amend [24][26][28][34] are denied as moot.  Plaintiff's

pleadings are amended by his sworn testimony as summarized above.

2.      Defendants are directed to produce to Plaintiff copies of the following:  Plaintiff's

ARP records and Plaintiff's entire medical file.  Defendants Woodall and Meggs produced

Plaintiff's medical records through May 2011, bates stamped 1-340, during the hearing.  The

MDOC Defendants produced a portion of Plaintiff's ARP file from SMCI.  Defendants are

ordered to produce any remaining documents by October 31, 2011.  In addition, Plaintiff

executed a medical authorization.  Defendants are directed to produce to Plaintiff a copy of any

records received pursuant to said authorization.

3.      Defendants shall file a statement with the Clerk on or before October 31,

2011, confirming whether or not Franklin Brewer is a current or former MDOC employee.[7]  If

Mr. Brewer is a former employee, Defendants shall provide the court with the last known

address of Mr. Brewer under seal.  If there is no record of Franklin Brewer, Defendants are to

provide the court with the correct identity of the SMCI employee named "Brewer" referenced

herein, if known.  Defendants shall file a statement with the clerk indicating same on or before

October 31, 2011, and shall indicate whether this individual is still employed by the MDOC.

4.      Defendants shall file a statement with the Clerk on or before October 31,

2011, providing the court with the last known address of Officer Mould or stating that they are

---

[7]*See* footnote 5.

not in possession of such information.[8]  If Defendants provide the court with the last known address of Officer Mould, they shall file the information under seal.

     5.    Plaintiff's Motion to Compel [39] is denied as moot.  The discovery allowed herein is addressed above.

     6.    There are no other discovery issues pending at this time.  The discovery allowed herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Federal Rule of Civil Procedure 26(b)(1).

     7.    The deadline for filing motions (other than motions *in limine*) is January 16, 2012.

     8.    Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

     9.    Defendant Mark Denmart is hereby substituted with Johnnie Demnark.  The Clerk shall amend the court docket to reflect same.

     10.    Defendants Unknown Officer Montel, Joy Ross, Regina Reed, Mark Hatten (spelled "Hattion" on the court docket), and Ronald King are hereby dismissed without prejudice.  Plaintiff testified that he did not intend to sue these Defendants.  Likewise, Defendants Unknown Ross and Unknown Reed should be terminated; Plaintiff testified that these parties are the same as Joy Ross and Regina Reed.

     SO ORDERED AND ADJUDGED this the 19th day of October, 2011.

                              s/ Michael T. Parker

                              United States Magistrate Judge

---

[8]*See* footnote 6.

5