IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WAYNE CHARLES HOGG, #45906

VS.                                              CIVIL ACTION NO. 2:10cv248-KS-MTP

DR. RON WOODALL, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Defendant's Motions for Summary Judgment [50][53], the Report and Recommendation of Magistrate Judge Michael T. Parker [70], Objections by Plaintiff [71], and the Court considering said documents and the record herein, finds that the moving Defendants should be dismissed from this action with prejudice for the following reasons:

I. PROCEDURAL HISTORY

Plaintiff Wayne Charles Hogg, proceeding *pro se* and *in forma pauperis*, filed his civil rights complaint [1] on October 18, 2010. As set forth in his complaint and as clarified during his *Spears*[1] hearing, Plaintiff asserts a claim against Dr. Ron Woodall for deliberate indifference to his medical needs, claims against April Meggs and Christopher Epps for failing to provide relief after Plaintiff filed grievances through the Administrative Remedy Program ("ARP"), and two claims against Johnnie Denmark, one for deliberate indifference to Plaintiff's medical needs and another for failure to train and supervise Officer Montel. *See* Omnibus Order [41]. Plaintiff's

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing occurred on October 4, 2011.

1

claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI"). He is currently incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi.

Defendants Johnnie Denmark and Christopher Epps filed their Motion for Summary Judgment [50] on February 16, 2012. Defendants April Meggs and Ron Woodall also filed their Motion for Summary Judgment [53] on February 16, 2012. Plaintiff filed his Response [59] in opposition to the motions on March 16, 2012.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

This is 1983 case wherein Plaintiff Wayne Charles Hogg brings an action against Johnny Denmark, Christopher Epps, April Meggs and Ron Woodall alleging

constitutional violations and damages therefrom.  The Objections filed Plaintiff are conclusory statements but do not address the findings or rebut the findings of the Magistrate Judge.

The allegations against Johnny Denmark, the warden at SMCI, and Christopher Epps, the Commissioner of Corrections, do not state that they were in any way involved in the decision making process.  Section 1983 does not "create supervisory or *respondeat superior* liability."  *Oliver v. Scott*, 276 F.3d 736,742 and N. 6th (5th Cir. 2002). Plaintiff has failed to establish in any way that Commissioner Epps and Warden Denmark were deliberately indifferent to the medical needs of the Plaintiff. While the Plaintiff apparently was in need of shoulder surgery while he was at SMCI and had the surgery at Parchman after being transferred, there is not liability automatically placed on the Defendants herein.  Judge Parker goes through an analysis of this which this Court finds is correct.

The Complaint alleges that the medical doctor, Dr. Woodall, and his assistant, April Meggs, violated his Eighth Amendment rights by delaying his medical treatment and not responding to the grievance filed through the ARP.  Even if Dr. Woodall was negligent, which this Court does not find at this time, negligence does not rise to the level of an Eighth Amendment violation.  The allegation regarding Ms. Meggs is without validity because an inmate does not have a constitutional right to any grievance procedure at all.  *Redd v. Harvey*, CIV. A. 10-622, 210 WL 3434212 (W.D. La. Aug. 9, 2010).

Insofar as the claim for failure to train or supervise, there has been no showing of a pattern of violations or direct involvement of the Defendant Johnny Denmark in any

violation of the rights of the Plaintiff.  The Report and Recommendation of the Magistrate Judge thoroughly goes through these issues and this Court adopts the analysis.

As stated above, the Objection does not address any of the issues with facts or rebuttal.  Therefore, this Court finds that the Motion for Summary Judgment as to the above named defendants should be **granted** and the Complaint filed herein dismissed with prejudice.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Hogg's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Wayne Charles Hogg's claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the  21st day of August, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE